**Walter ROSALES; et al., Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 02–55800.

D.C. No. CV–01–00951–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 11, 2003.

**914**

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants Walter Rosales et al., appeal from an order of the district court granting the United States' motion for summary judgment and dismissing

* This disposition is not appropriate for publication and may not be cited to or by the courts

their claims. Because we find that the Jamul Indian Village (the "Village") is a necessary and indispensable party pursuant to Fed.R.Civ.P. 19, we affirm the district court's order dismissing this action. Although the district court did not address whether the Village was a necessary and indispensable party, we have authority to address the issue on appeal. *See Pit River Home and Agric. Coop. Assoc. v. United States*, 30 F.3d 1088, 1099 (9th Cir. 1994).

■ The Village is a necessary party pursuant to Rule 19(a)(2)(i), which provides that an absent party is necessary if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest[.]" Fed.R.Civ.P. 19(a)(2)(i). The Village has claimed jurisdiction over the parcel of land at issue in this action since at least 1981. This interest would be impaired if Appellants were declared to be the beneficial owners of the land.

The Village enjoys sovereign immunity from suit and cannot be forced to join this action without its consent. *See Clinton v. Babbitt*, 180 F.3d 1081, 1090 (9th Cir.1999). Furthermore, the United States is not an adequate representative of the Village's interests in this action because the United States cannot adequately represent the interests of one tribe in an intertribal dispute. *See Pit River*, 30 F.3d at 1101.

■ The Village is also an indispensable party pursuant to Rule 19(b), which requires the court to examine the following factors in order to determine whether this action should be dismissed: (1) prejudice to the absent party or those already parties; (2) the extent to which relief could be

of this circuit except as provided by Ninth Circuit Rule 36–3.

shaped to avoid prejudice; (3) adequacy of the judgment rendered without the absent party; and (4) whether plaintiff has another adequate remedy. *See* Fed.R.Civ.P. 19(b). The Village would be prejudiced if Appellants were granted beneficial ownership of the parcel of land, and relief cannot be shaped to avoid this prejudice. While Appellants do not appear to have another adequate remedy, "the tribe[']s interest in maintaining [its] sovereign immunity outweighs the plaintiffs' interest in litigating their claims." *See American Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1025 (9th Cir.2002) (citations omitted). For these reasons, the Village is a necessary and indispensable party, without whom this action cannot proceed.

AFFIRMED.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.